IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:23-CV-00332-RJC-SCR

| | |
|---|---|
| GERALD THOMAS MESCALL,<br><br>    Plaintiff,<br><br>v.<br><br>RENAISSANCE AT ANTIQUITY, LLC,<br>GEM MANAGEMENT, LLC, NATIONAL<br>APARTMENT ASSOCIATION, CATHY<br>CONNER, SOLSTICE PARTNERS, LLC, and<br>LAURA GENAIL,<br><br>    Defendants. | **THE RENAISSANCE DEFENDANTS'<br>REPLY TO PLAINTIFF'S RESPONSE<br>TO MOTION TO DISMISS AND ORDER<br>TO SHOW CAUSE** |

NOW COMES Defendants Renaissance at Antiquity, LLC, GEM Management, LLC, Cathy Conner, Solstice Partners, LLC, and Laura Genail (the "Renaissance Defendants") to submit this reply in response to Plaintiff Gerald Mescall's ("Plaintiff") "Response to the Defendants [sic] Motion to Dismiss; Memorandum of Law and Show Cause Order; Requisition for Leave to Amend Pleading Under FCRP., (a)(2) and to Proceed as Class with Good Cause or in the Alternative Appoint Counsel for Co-Plaintiffs or Withdraw All Co-Plaintiffs Except Lead Plaintiff Mescall" (Dkt. No. 18) ("Plaintiff's Response").

## INTRODUCTION

Despite styling his response, in part, as a response to the Court's September 20, 2023 Order to Show Cause ("Order"), Plaintiff's Response does not articulate a justifiable reason why Plaintiff failed to timely respond to the Renaissance Defendant's Motion to Dismiss the Complaint (Dkt. No. 11) ("Motion to Dismiss") and does not provide any legal or factual support for Plaintiff's claims. Plaintiff's Response appears to focus on issues of class certification, which

are not before the Court at this time, rather than addressing the deficiencies present in his Complaint (Dkt. No. 1), namely that (i) *pro se* plaintiffs may not maintain class actions, (ii) that the factual allegations in the Complaint are not sufficient to demonstrate Plaintiff has standing to pursue his claims, and (iii) that, even assuming Plaintiff has standing, Plaintiff has not provided factual allegations sufficient to state a plausible claim for relief. Consequently, the Renaissance Defendants respectfully request the Court dismiss this action with prejudice.

## ARGUMENT

### I. PLAINTIFF FAILED TO SHOW CAUSE WHY HE FAILED TO TIMELY RESPOND TO THE MOTION TO DISMISS.

In an Order dated September 20, 2023, the Court directed Plaintiff to "file a response to the pending Motions to Dismiss and SHOW CAUSE why the Complaint should not be DISMISSED for failure to prosecute this action." (Dkt. No. 17 at 2) (emphasis in original). Although Plaintiff filed a response to the Order before the deadline of October 20, 2023, Plaintiff merely asserts that "good cause" exists as to why he did not timely respond. (Dkt No. 18 at 2). Plaintiff did not offer an explanation of the circumstances which caused him not to respond in a timely fashion. *See, e.g., Gass v. Nguyen*, 2021 U.S. Dist. LEXIS 248632, at *2 (W.D.N.C. Jan. 3, 2022) (Conrad, J.) (dismissing *pro se* complaint, in part due to Plaintiff's failure to prosecute, after Plaintiff responded to order to show cause for failure to prosecute with "legal and factual arguments regarding the sufficiency of her claims but failed to address her failure to timely prosecute the case.").

### II. PRO SE PLAINTIFFS MAY NOT MAINTAIN CLASS ACTION LAWSUITS.

Plaintiff requests that the Court allow this action to proceed as a class action. (Dkt. No. 17 at 3-4). In attempting to support his request, Plaintiff wrongly asserts that "courts have been

mixed with respect to pro se class matters." In fact, the law is clear that individuals proceeding *pro se* cannot represent others. *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005); *Braun v. North Carolina*, 2023 U.S. Dist. LEXIS 13901 (W.D.N.C. Jan. 25, 2023) (Conrad, J.). Plaintiff's Response appears to request that the Court appoint proposed class counsel, but "a court's decision to certify a class must *precede* the appointment of class counsel." *Sheinberg v. Sorensen*, 606 F.3d 130, 132 (3d Cir. 2010). Issues of class certification and appointment of class counsel are not currently before the Court, and no counsel has sought appointment.

Additionally, Plaintiff argues that he can maintain a class action as a *pro se* individual because he, in part, "will obey all Federal Rules and not abuse the proceedings." (Dkt. No. 18 at 3-4). However, as Plaintiff notes in his Response, "a non-lawyer cannot represent a class as it would put class members at risk due to the lack of legal education" and "some courts have argued that allowing pro se representation in class action lawsuits would be a violation of ethics rules." (Dkt. No. 18 at 10). Furthermore, as referenced in the Motion to Dismiss, Plaintiff has filed at least two prior lawsuits in this District which were dismissed for failure to prosecute. *See* No. 3:23-cv-00078-RJC-SCR, *Gerald Thomas Mescall v. U.S. Dep't of Treasury et al.* (Dkt. Nos. 11, 13) and No. 3:21-cv-00253-RJC-DCK, *Mescall et al v. U.S. Dep't of Treasury, et al.* (Dkt. No. 18). These prior lawsuits, and Plaintiff's failure to timely respond to the Motion to Dismiss, demonstrate that Plaintiff will not be able to follow the rules of the Court, even if he could legally proceed *pro se* on behalf of a class. Thus, even if the Court allows Plaintiff's individual claims to proceed, the Court should dismiss Plaintiff's claims brought on behalf of others.

### III. PLAINTIFF STILL LACKS STANDING TO PURSUE HIS CLAIMS.

Plaintiff's Response does not address the Complaint's complete lack of factual allegation demonstrating that *Plaintiff himself* suffered a concrete and particularized injury fairly traceable to any conduct involving the Renaissance Defendants. Plaintiff's Response, just like the Complaint, merely alleges generalized grievances with his apartment complex and its rules. *See, e.g.,* Dkt No. 18-1 at 17–19.[1] The only mention of conduct involving the Plaintiff himself in Plaintiff's Response relate to alleged conversations (or lack thereof) regarding rental increases and an alleged 2017 incident where Plaintiff was stuck in an elevator. (Dkt. No. 18-1 at 17–19). Plaintiff again does not allege he actually suffered any injury caused by the Renaissance Defendants' conduct. Thus, the Renaissance Defendants respectfully request the Court dismiss Plaintiff's claims for lack of Article III standing.

### IV. PLAINTIFF STILL FAILS TO STATE A PLAUSIBLE CLAIM FOR RELIEF.

"[T]he liberal construction of a *pro se* plaintiff's pleading does not require the court to ignore clear defects in pleading or to become an advocate for the *pro se* party." *Wesley v. Charlotte-Mecklenburg Cty. Police Dep't.*, 2021 U.S. Dist. LEXIS 92994, at *7 (W.D.N.C. May 17, 2021); *Davis v. Trump*, 2020 U.S. Dist. LEXIS 210597, at *5 (W.D.N.C. Nov. 10, 2020). Assuming *arguendo* that Plaintiff has Article III standing to pursue his individual claims, even when liberally construing Plaintiff's allegations, Plaintiff has not provided any explanation as to how the Complaint alleges sufficient facts to state a plausible claim for relief against the Renaissance Defendants.

Like Plaintiff's Complaint, Plaintiff's Response contains what appears to be copied text from various external sources describing various statutes and legal concepts which are either not

---

[1] The Renaissance Defendants note that a "draft" notation appears on the first page of these factual allegations. Dkt No. 18 at 17.

applicable to the matter at hand, such as the Affordable Care Act, and do not identify specific, actionable conduct attributable to the Renaissance Defendants and asserted in the Complaint. (Dkt. No. 18 at 10–14). Plaintiff merely repeats certain generalized grievances against his apartment complex, including that the complex requires a code or key to enter an individual residence, that the complex replaced garbage disposals, and that the "common areas are plush[.]" (Dkt No. 18-1 at 19). Such inapplicable or vague legal references, and non-actionable factual allegations, are not sufficient to state a plausible claim for relief. Thus, the Renaissance Defendants respectfully request that the Court dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

WHEREFORE, the Renaissance Defendants respectfully request that this Honorable Court enter an Order dismissing Plaintiff's claims against them with prejudice in their entirety.

Respectfully submitted, this the 24th day of October, 2023.

        s/ John T. Floyd
John T. Floyd
State Bar No. 39677
Jonathan D. Gilmartin
State Bar No. 55746
MOORE & VAN ALLEN PLLC
100 N. Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Telephone: (704) 331-1000
Fax: : (704) 378-2004
Email: johnfloyd@mvalaw.com
       jongilmartin@mvalaw.com

*Attorneys for Defendants Renaissance at Antiquity, LLC, GEM Management, LLC, Cathy Conner, Solstice Partners, LLC, and Laura Genail*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **The Renaissance Defendants' Motion to Dismiss the Complaint** was electronically filed with the Clerk of Court using the CM/ECF System, and that a copy was sent via United States mail to:

>Gerald Thomas Mescall
>1721 Lover's Lawn Trace, Apt. 404
>Cornelius, NC 28031

This 24th day of October, 2023.

                                                   s/ John T. Floyd