IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00332-RJC-SCR

| | |
|---|---|
| **GERALD THOMAS MESCALL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **RENAISSANCE AT ANTIQUITY, et. al.,** ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendants' "Motion[s] to Dismiss" (Doc. Nos. 7 & 11), both filed August 29, 2023, and pro se Plaintiff's "Response …; Requisition for Leave to Amend Pleading… and to Proceed as Class … or in the Alternative Appoint Counsel for Co-Plaintiffs or Withdraw All Co-Plaintiffs Except Lead Plaintiff Mescall" (Doc. No. 18).[1]

The pro se Complaint (Doc. No. 1) is hardly a model of clarity or brevity. The issues apparently involve an apartment complex where Plaintiff and other senior citizens reside. Plaintiff asserts that over the course of a five-year period, individually-named Defendants took certain actions that Plaintiff claims harmed Plaintiff or others in the apartment community. These

---

[1] The Court reminds pro se Plaintiff that he must comply with the Local Rules, including LCvR 7.1, which sets forth requirements for motions and responses in civil cases. See https://www.ncwd.uscourts.gov/court-info/local-rules-and-orders/local-rules. Moreover, Defendants allege that Plaintiff's Response appears to have been partially written with the aid of artificial intelligence ("AI"). (Doc. No. 18 at 7, Doc. No. 20 at 1-2). Use of artificial intelligence to write pleadings is a novel issue, and appears to be untread territory in the Fourth Circuit. However, recent caselaw from outside of this jurisdiction supports the common-sense conclusion that the use of artificial intelligence creates challenges, raises ethical issues, and may result in sanctions or penalties when used inappropriately. Mata v. Avianca, Inc., No. 22-cv-1461, 2023 WL 4114965, at *1 (S.D.N.Y. June 22, 2023) (finding "bad faith on the part of [legal counsel] based upon acts of conscious avoidance and false and misleading statements to the Court" and imposing sanctions when counsel "submitted non-existent judicial opinions with fake quotes and citations created by the artificial intelligence tool ChatGPT").

1

allegations include faulty elevators (id. at 17), changed building furniture (id. at 19), access issues (id. at 15-18) and unlawful rental rate increases. (Id. at 21). Plaintiff couches these harms as "elder abuse." (Id. at 2).

On May 31, 2023, Plaintiff filed his pro se Complaint, purporting to assert a class action on behalf of himself and fourteen other senior citizens who live in the apartment complex. Plaintiff cites several statutes, including the Fair Housing Act, 42 U.S.C. § 3601 et seq., the Older Americans Act, 42 U.S.C. § 3001 et seq., and the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq.

On August 29, 2023, Defendants filed their Motions to Dismiss (Doc. Nos. 7 & 11). Among other things, Defendants correctly argue that a pro se plaintiff may not represent other plaintiffs, including in class actions. "A pro se plaintiff may not represent other plaintiffs, and pro se class actions are not permissible." Lumumba v. Clarke, No. 7:22-CV-00080, 2022 WL 1449197, at *1 (W.D. Va. Apr. 22, 2022) (directing clerk of court "to update the docket to reflect that Lumumba is the only plaintiff in this case")(citing Oxendine v. Williams, 509 F. 2d 1405, 1407 (4th Cir. 1975) ("[I]it is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); see also Braun on behalf of C.B. v. North Carolina, No. 3:23-MC-7-RJC, 2023 WL 425399, at *2 (W.D.N.C. Jan. 26, 2023) ("The Fourth Circuit has rejected the right of individuals to litigate pro se on behalf of others, even with respect to a non-attorney parent's claims on behalf of their minor children in federal court")(citing Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005)).

In his "Response …; Requisition for Leave to Amend Pleading… and to Proceed as Class … or in the Alternative Appoint Counsel for Co-Plaintiffs or Withdraw All Co-Plaintiffs Except

Lead Plaintiff Mescall" (Doc. No. 18)[2], Plaintiff seeks leave to amend, and asks the Court to appoint counsel to represent the class or, in the alternative, to permit him to proceed alone. As Defendants point out, this filing asserts additional factual allegations that are not mentioned in the Complaint. (Doc. No. 20 at 1). For instance, in his Response, Plaintiff for the first time states that he and the other proposed class members are, in fact, residents at the Renaissance at Antiquity in Cornelius, North Carolina. (Doc. No. 18 at 3).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Carriker v. Carriker, No. 3:22-CV-00448-DSC, 2022 WL 10208236, at *1 (W.D.N.C. Oct. 17, 2022) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally")). But courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Id. (citing Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff)). Moreover, the Court may not consider allegations made outside of a complaint or an amended complaint. McNulty v. Commc'ns Workers of Am., No. 3:12CV-22-MOC-DSC, 2012 WL 1569601, at *3 (W.D.N.C. Mar. 16, 2012) ("Additional factual allegations contained in a response brief are not considered on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)").

At this early point in the proceedings, the Court has formed no opinion about the merits of Plaintiff's factual allegations and legal claim or claims. In light of factual allegations that if fully supported and developed could possibly give rise to an actionable claim, and recognizing that Plaintiff has inartfully sprinkled those allegations across two filings, the Court will grant him leave

---

[2] On September 20, 2023, the Court ordered Plaintiff to show cause why the Complaint should not be dismissed for failure to prosecute after failing to reply to the Motions to Dismiss. (Doc. No. 17). Plaintiff responded on October 17, 2023 (Doc. No. 18), within the response deadline provided by the Court, and the Court has considered this response accordingly. However, pro se Plaintiff is once again warned that he must comply with all deadlines in this matter.

to file an amended complaint.  See Corry v. S.C. Johnson & Son, Inc., No. 3:21-CV-49-FDW-DCK, 2021 WL 2459806, at *1 (W.D.N.C. June 16, 2021) (prior to dismissing complaint as frivolous, Court granted pro se plaintiff leave to amend), aff'd, No. 21-1781, 2021 WL 5412245 (4th Cir. Nov. 19, 2021).

The Court cautions Plaintiff to carefully consider the legal requirements for a valid complaint.  Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct."  FED. R. CIV. P. 8(a)(2), (d)(1).  The rule is intended to: "give fair notice of the claim being asserted" to the adverse party; "sharpen the issues to be litigated"; and "confine discovery and the presentation of evidence at trial within reasonable bounds."  T.M. v. D.C., 961 F. Supp. 2d 169, 173–74 (D.D.C. 2013) (quoting Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint must contain enough facts to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678 (citing Twombly, 550 U.S. at 555).

Accordingly, the Court **ORDERS** Plaintiff to file a short, plain, and complete amended complaint that organizes and consolidates **all** of his factual allegations and legal claims against Defendants.  The amended complaint will supersede, that is, completely replace, the initial complaint once it is filed.

The Court will not, however, appoint counsel to represent Plaintiff or his purported class. The Court is not aware of any case law, statute, Federal Rule of Civil Procedure, or Local Rule requiring the appointment of counsel in a civil case such as the one brought by Plaintiff, and no funds have been appropriated for that purpose. In fact, "[t]here is no right to appointment of counsel in a civil case, and discretionary appointment of counsel in such cases is warranted 'only in exceptional cases.'" Ardis v. Dickey, No. 3:23-CV-1171-SAL, 2023 WL 6996571, at *7 (D.S.C. Oct. 24, 2023) (quoting Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)); see also Hall v. Holsmith, 340 F. App'x 944, 946 (4th Cir. 2009). Instead, Plaintiff has the option to retain counsel at his own expense. **The Court cautions Plaintiff that in any event – even if he is unable to retain counsel and proceeds pro se – he must file his amended complaint by the date set below**.

It is well-settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., No. 3:10-CV0-418-RJC-DSC, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011); Young v. City of Mount Ranier, 238 F.3d 567, 572-73 (4th Cir. 2001).

**NOW THERFORE IT IS HEREBY ORDERED that:**

1. Plaintiff is **GRANTED** leave and **ORDERED** to file an Amended Complaint on or before December 15, 2023.
2. Defendants' "Motion[s] to Dismiss" (Doc. Nos. 7 & 11) are administratively **DENIED** as moot without prejudice to refile following the filing of the Amended Complaint.

3. The Clerk is directed to send copies of this Order to pro se Plaintiff, to counsel for Defendants, and to the Honorable Robert J. Conrad, Jr..

**SO ORDERED**.

Signed: November 13, 2023

Susan C. Rodriguez
United States Magistrate Judge