IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00332-RJC-SCR

| | |
|---|---|
| GERALD THOMAS MESCALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMENDATION** |
| ) | |
| RENAISSANCE AT ANTIQUITY, LLC, ) | |
| et. al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court following pro se Plaintiff's failure to respond to the Court's "Order to Show Cause" (Doc. No. 22) entered January 11, 2024, and to file an Amended Complaint no later than December 15, 2023, as he was **ORDERED** to do. (Doc. No. 21 at 5).

The background of this case is more fully set forth in the Court's Order issued on November 13, 2023 (Doc. No. 21), but as a brief recap, pro se Plaintiff requested leave to amend his pleading, among other things, in a filing dated October 17, 2023. (Doc. No. 18). The Court issued an Order on November 13, 2023, granting Plaintiff leave to file an Amended Complaint on or before December 15, 2023. (Doc. No. 21). The Court included language in bold and underlined cautioning pro se Plaintiff that the Amended Complaint must be filed by this date. Id. After Plaintiff failed to file his Amended Complaint, the Court issued an Order to Show Cause, which stated:

1. On or before February 15, 2024, Plaintiff shall file his Amended Complaint or shall otherwise **SHOW CAUSE** why this matter should not be **DISMISSED** for failure to prosecute this action. Plaintiff is warned that failure to make a timely response to this Order to Show Cause may result in **DISMISSAL** of this case **WITH PREJUDICE**.

(Doc. No. 22 at 2) (emphasis in original).

In the same Order, the Court also explained:

> The District Court has the inherent authority to dismiss a case for failure to prosecute and Rule 41(b) "provides an explicit basis for this sanction." <u>Doyle v. Murray</u>, 938 F.2d 33, 34 (4th Cir. 1991). Since dismissal is a severe sanction, the Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. <u>Dove v. CODESCO</u>, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." <u>Hillig v. Comm'r of Internal Revenue</u>, 916 F.2d 171, 174 (4th Cir. 1990).
>
> Accordingly, prior to recommending to the Honorable Robert J. Conrad, Jr., the District Judge to whom this case is assigned, that this case be dismissed for failure to prosecute, the Court will allow Plaintiff an opportunity to show cause why this matter should not be dismissed.

(Doc. No. 22 at 1-2).

Plaintiff did not respond to the Court's Order to Show Cause. In fact, Plaintiff has made no further filings with the Court since both the November 13, 2023, and January 11, 2024 Orders. Considering the factors listed above, the Court concludes that any sanction short of dismissal would not be effective. Plaintiff has demonstrated a lack of personal responsibility in failing to respond to the Court's Orders, which included a warning about the possible consequence of dismissal of this lawsuit for failure to respond. Plaintiff also has deliberately proceeded in a dilatory fashion throughout this case by repeatedly responding late (<u>See</u> Doc. Nos. 17 & 18) or failing to respond at all. The Court is very mindful of the latitude given to <u>pro se</u> plaintiffs, but here the Court has given Plaintiff ample opportunity to comply with the Court's Orders. The Court will not tolerate Plaintiff's continued conduct of missing deadlines and failing to comply with the Court's Orders. The Court also has considered the amount of prejudice to Defendants, who have already incurred legal expenses in submitting responsive filings and have faced delays caused by

Plaintiff, hampering their ability to defend themselves.

Considering all of this, the undersigned respectfully recommends that this action be dismissed for Plaintiff's lack of prosecution and failure to comply with the Court's Orders.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Plaintiff's Complaint be **DISMISSED**.

## TIME FOR OBJECTIONS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

The Clerk is directed to send copies of this Memorandum and Recommendation to pro se Plaintiff, counsel for Defendants, and the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: March 22, 2024

_____
Susan C. Rodriguez
United States Magistrate Judge